Dear Director Miller
¶ 0 This office has received your request for an Attorney General Opinion addressing, in effect, the following questions:
 1. Once an Invitation to Bid has been issued and bids have been submitted and evaluated, does the Department of Central Services, through its Central Purchasing Division, have the authority to issue a purchase order, thereby forming a contract, if the requisitioning agency asks that the requisition be cancelled and the item re-bid?
 2. If the Department of Central Services does not have such authority, what is the legal status of such a purchase order? Is the requisitioning agency bound by such a purchase order?
¶ 1 Your question goes to the extent of the authority given to the Department of Central Services under the Oklahoma Central Purchasing Act, 74 O.S. 85.1 to 74 O.S. 85.44(c) (1991-1995) ("the Act").
¶ 2 The purpose of the Act has been delineated by the Oklahoma Supreme Court:
 The Act requires competitive bidding for most major purchases and is designed to protect the public at large by promoting economy in government and reducing the likelihood of fraud. It also insures that government officials are accountable to the public, and are discharging their duties competently and responsibly.
Indiana National Bank v. State Department of Human Services,857 P.2d 53, 60 (Okla. 1993) (citations omitted).
¶ 3 The Act concentrates a great deal of authority and responsibility in the State Purchasing Director, under the Supervision of the Director of Central Services. The State Purchasing Director is given "sole and exclusive authority and responsibility for the acquisition of all materials, supplies, equipment, and services acquired, used or consumed by agencies of the state government." 74 O.S. 85.5 (1995).
¶ 4 In order for an agency to acquire contractual services, supplies, equipment, or materials it must submit a requisition to the Purchasing Division of the Department of Central Services.74 O.S. 85.4(A) (1995). The agency must show that the requested product is necessary to its responsibilities, the amount is not excessive, and the purchase of such product is justified. 74O.S. 85.4(C) (1995).[1] In general, "every state agency shall have the authority to determine its own quantitativeneeds for services, supplies, equipment, and materials . . . and shall have the authority to determine the general class ornature of supplies, equipment, materials, or services, subjectto the provisions of Section 85.5 of this title." 74 O.S.85.4(A) (1991) (emphasis added).
¶ 5 Once the requisition has been accepted, the remainder of the purchasing procedure is in the hands of the State Purchasing Director. The Director decides the "brand, model or other specific classification" of each item or group and drafts specifications establishing the requirements for leases or purchases, after consultation with the requesting agency. 74O.S. 85.5 (1995). The State Purchasing Director is given the authority "to determine the lowest and best bid in the event of disagreements with requesting agencies on the specifications of items requested." A.G. Opin. 79-049 at 87. The Act establishes, then, that once an agency is approved to make a purchase, the process is under the control of the State Purchasing Director.
¶ 6 The issue in the Indiana National Bank case cited above was whether an agency could make material modifications after a contract was awarded by the Office of Public Affairs ("OPA"), now the Department of Central Services without OPA approval. The Court found that it could not, and made it clear that the intent of the Act would be undermined if that were allowed. IndianaNational Bank v. Department of Human Services, 857 P.2d at 61. The Court also noted that when OPA awarded the contract the entire agreement between the parties was formed, and it was OPA that had to agree to any changes after the bid was submitted.Id.
¶ 7 Your question does not involve a material modification of contract terms but instead a request to withdraw the Invitation to Bid and to re-bid with new specifications. Nevertheless, the same principles of authority under the Act would apply. Decisions about the contract subsequent to the completion of the bidding process rest with the Department of Central Services rather than the agency. As stated in the Indiana National Bank case, recognizing that decision-making power is not to say that the Department of Central Services is not to consult with the agency in good faith. Indiana National Bank, 857 P.2d at 62, n. 7.
¶ 8 An agency's needs and circumstances can change from the time of requisition to the time of contracting for a particular item. It would not serve the purpose of the Act for an agency to be required to take something it no longer needed or could not use. On the other hand, the integrity of the system must be preserved. To allow an agency to re-bid an item after having gone through the competitive bid process could permit an agency to vendor shop, something which would thwart the purpose of the Act.
¶ 9 Whether re-bidding is justified for any particular requisitioned item is a question of fact. Under the Act as a whole, that factual determination rests in the Department of Central Services. Thus, after having gone through the bidding process, if the Department of Central Services, through its Central Purchasing Division, decides after careful consideration of all the facts that re-bidding is not justified, it may issue a purchase order even though the agency may request cancellation of the requisition and re-bid of the item.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Once an Invitation to Bid under the Central Purchasing Act, 74 O.S. 85.1 to 74 O.S. 85.44(c) (1991-1995), has been issued and bids submitted and evaluated, the Department of Central Services, through its Central Purchasing Division, has the authority to issue a purchase order, thereby forming a contract, even if the requisitioning agency asks that the requisition be cancelled and the item re-bid, if the Department of Central Services decides, after careful consideration of all the facts, that the requested re-bidding is not justified.
 Because your first question is answered in the affirmative, an answer to your second question is not necessary.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] In the situation which gave rise to your questions, the need was legislatively mandated. Title 56 O.S. Supp. 1995, §241.1[56-241.1] directs that the Department of Human Services establish an electronic benefit identification program, and the Invitation to Bid was for an electronic system to implement that program.